FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2015 APR 15 P 3: 32

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| VIR2US, INC. | ) |
| Plaintiff | ) CIVIL ACTION NO. 2:15CV162-HCM-LRL |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| INVINCEA, INC. and | ) |
| INVINCEA LABS, LLC | ) |
| Defendants | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Vir2us, Inc. ("Vir2us" or "Plaintiff") for its complaint against Defendants Invincea, Inc. and Invincea Labs, LLC ("Invincea Labs") (collectively "Invincea" or "Defendants") on personal knowledge as to its own actions and on information and belief as to all others based on its investigation, hereby alleges as follows:

### THE PARTIES

1. Plaintiff Vir2us is a corporation duly organized and existing under the laws of the State of California, with its principal pace of business in Petaluma, California. Vir2us is the owner of over twelve patents. After careful investigation, Vir2us has determined that at least two of its patents have been and will continue to be infringed by Defendants unless enjoined by this Court.

2. Defendant Invincea, Inc. is a Delaware corporation with its principal place of business at 3975 University Drive, Suite 460, Fairfax, Virginia 22030. It may be served by

1

process through its Virginia Registered Agent: Anup Ghosh, 3975 University Drive, Suite 460, Fairfax, Virginia 22030.

3.    Defendant Invincea Labs is a Virginia limited liability corporation with its principal place of business at 3975 University Drive, Suite 460, Fairfax, Virginia 22030. It may be served by process through its Virginia Registered Agent: Anup Ghosh, 3975 University Drive, Suite 460, Fairfax, Virginia 22030. Invincea Labs is a wholly owned subsidiary of Invincea, Inc.

## JURISDICTION AND VENUE

4.    This is an action for patent infringement arising under the Patent Laws of the United States, under 35 U.S.C. §§ 100, *et seq*. This Court has jurisdiction over the subject matter of this patent litigation action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.    Defendants are subject to personal jurisdiction in the Commonwealth of Virginia. Invincea, Inc. is incorporated in Delaware and Invincea Labs, LLC is incorporated in Virginia. Defendants have their principal place of business at 3975 University Drive, Suite 460, Fairfax, Virginia 22030 and maintain continuous and systematic contacts within this District. On information and belief, Defendants regularly and systematically transact business in the Commonwealth of Virginia, including selling and offering the Invincea Accused Products for sale in Virginia and nationally, as well as designing, marketing, and providing support for the Invincea Accused Products from within Virginia. Defendants have purposefully availed themselves of the privilege of conducting business activities within the Commonwealth of Virginia, which activities, upon information and belief, infringe one or more claims of the Unites States patents owned by Vir2us, causing injury in this District.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b) because Defendants have conducted business in this Judicial District, have their principal place of business in this District, have committed specific acts of infringement and/or induced or contributed to acts of infringement in this District, and continue to commit and/or induce or contribute to acts of infringement in this District, entitling Vir2us to relief.

## FACTUAL BACKGROUND

7. Vir2us designs, markets, and sells computer security software and services. Vir2us's current computer security software portfolio includes the Vir2us Immunity Platform™ software that is designed, for example, to provide security to individual users of computing devices, often referred to as network endpoints. The Vir2us Immunity Platform™ and its predecessors have been available for sale since on or about February 2012.

8. Vir2us owns an intellectual property portfolio that covers various aspects and methods of providing security for and repair of information appliances and computer systems from malicious software and computer viruses. Vir2us' intellectual property portfolio contains over twelve issued patents, with additional patent applications pending.

9. Invincea is a software company headquartered in Fairfax, Virginia that makes, uses, and sells, software products that protect computer systems from malicious software such as computer viruses. Invincea's products include, at least, Invincea FreeSpace™, Invincea Management Server, and Invincea FreeSpace™ DMZ. All versions or releases of the aforementioned products made, sold, or used by Invincea are collectively referred to herein as the "Invincea Accused Products."

10. Vir2us and Invincea are direct competitors in the market for computer security software, particularly computer security software directed to securing network endpoints. For

3

example, the Vir2us Immunity Platform™ software and the Invincea Accused Products are competing products. Both companies seek to sell their computer security software to the same customer base, for example, original equipment manufacturers of computing devices such as personal computers and mobile devices.

11. To facilitate, instruct, and encourage the deployment and use of the Invincea Accused Products, Invincea provides technical and marketing literature, tutorials, presentations, lectures, product demonstrations, and videos to customers and end users on how to install, operate, configure, use, and derive benefit from the Invincea Accused Products.

12. On June 24, 2008, United States Patent No. 7,392,541 ("the '541 Patent") was duly and legally issued for an invention entitled "Computer System Architecture And Method Providing Operating-System Independent Virus-, Hacker-, And Cyber-Terror-Immune Processing Environments." Vir2us was assigned the '541 Patent, and it continues to hold all rights, title, and interest in the '541 Patent necessary to bring this action. The '541 Patent is valid and enforceable. A true and correct copy of the '541 Patent is attached hereto as Exhibit 1.

13. On May 19, 2009, United States Patent No. 7,536,598 ("the '598 Patent") was duly and legally issued for an invention entitled "Computer System Capable Of Supporting A Plurality Of Independent Computing Environments." Vir2us was assigned the '598 Patent, and it continues to hold all rights, title, and interest in the '598 Patent necessary to bring this action. The '598 Patent is valid and enforceable. A true and correct copy of the '598 Patent is attached hereto as Exhibit 2.

14. Invincea has directly and indirectly infringed and continues to directly and indirectly infringe the '541 and '598 Patents by engaging in acts constituting infringement under 35 U.S.C. § 271(a), (b), and/or (c) including without limitation by one or more of making, using,

selling, and offering to sell, in this District and elsewhere in the United States, and importing into this District and elsewhere in the United States the Invincea Accused Products.

15. Defendants have been placed on actual notice of Vir2us' patent portfolio, including the '541 and '598 Patents. At a minimum, in accordance with 35 U.S.C. § 287, Defendants have had knowledge of the '541 and '598 Patents at least as early as the filing of this Complaint and/or the date this Complaint was served upon Defendants. Further, Invincea's advisors have participated in discussions with Vir2us regarding Vir2us' patented technology, which includes the inventions claimed in the '541 and '598 Patents, and upon information and belief, Invincea had knowledge of the patents based on these discussions and any additional investigations of Vir2us' patent portfolio that Invincea may have performed.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,392,541

16. Vir2us incorporates the allegations in paragraphs 1 through 15.

17. In violation of 35 U.S.C. § 271(a), Invincea is and has been directly infringing one or more claims of the '541 Patent by making, using, offering to sell, and/or selling in the United States, without authority, products including without limitation the Invincea Accused Products. The Invincea Accused Products are covered by and/or practice the inventions claimed in the '541 Patent, and thus, Invincea is and has infringed one or more claims of the '541 Patent literally and/or pursuant to the doctrine of equivalents.

18. In violation of 35 U.S.C. § 271(b), Invincea is and has been indirectly infringing one or more claims of the '541 Patent by inducing third parties, including without limitation, manufacturers, resellers, developers, customers, and end users of the Invincea Accused Products, to directly infringe the claims of the '541 Patent, for example, by installing the Invincea Accused Products on computing devices and using the Invincea Accused Products in their normal and

5

customary manner. Invincea's advisors have been involved in discussions with Vir2us regarding Vir2us' patented technology, which include the inventions claimed in the '541 Patent, and upon information and belief, Invincea has had knowledge of the '541 Patent based on these discussions and additional investigations of Vir2us' patent portfolio that Invincea may have performed. By way of at least this Complaint, Invincea knows of the '541 Patent and performs affirmative acts that it knows, or should know, induce direct infringement of one or more claims of the '541 Patent by third parties including, for example, original equipment manufacturers and users of the Invincea Accused Products. For example, Invincea provides technical and marketing literature, tutorials, presentations, lectures, product demonstrations, and videos to customers and end users on how to install, operate, configure, and use the Invincea Accused Products in their normal and customary manner. Invincea intends for its customers and end users to install the Accused Products on computing devices and to use the Accused Invincea Products in their normal and customary manner and knows, or is willfully blind, that by doing so its customers will directly infringe one or more claims of the '541 Patent.

19. In violation of 35 U.S.C. § 271(c), Invincea is and has been indirectly infringing one or more claims of the '541 Patent by contributing to the direct infringement of the '541 Patent by third parties, including third parties that install the Invincea Accused Products on computing devices, use the Invincea Accused Products in their normal and customary manner, and sell or offer to sell products incorporating the Invincea Accused Products, including without limitation manufacturers, resellers, developers, customers, and end users of the Invincea Accused Products. Invincea's advisors have been involved in discussions with Vir2us regarding Vir2us' patented technology, which includes the inventions claimed in the '541 Patent, and upon information and belief, Invincea had knowledge of the '541 Patent based on these discussions

and any additional investigations of Vir2us' patent portfolio that Invincea may have been performed. Invincea also received notice of the '541 Patent at least as of the date this lawsuit was filed and/or the date this Complaint was served upon Invincea. Invincea facilitates installation of, configures, and sells the Invincea Accused Products with distinct and separate software components with knowledge of the '541 Patent and that these components are especially made or especially adapted to practice the inventions claimed in the '541 Patent. For example, the Invincea Accused Products software is bundled with original equipment manufacturer computing devices such as personal computers and mobile devices to provide security and protection for consumers of such devices. That software is a material part of the invention, has no substantial non-infringing use, and is not a staple article or commodity of commerce because it is specifically designed to practice the invention claimed in the '541 Patent.

20. A reasonable inference may be drawn from the facts set forth above that Invincea is making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, without authority, a component of a patented machined, manufacture, combination or composition, or a material or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of a patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

21. Vir2us is informed and believes that Invincea intends to and will continue to directly infringe, induce the infringement of, and/or contribute to the infringement of the '541 Patent's claims.

22. Invincea's infringement of the '541 Patent has been willful. Invincea has been involved in discussions with Vir2us regarding Vir2us' patented technology, which includes the

inventions claimed in the '541 Patent, and upon information and belief, Invincea had knowledge of the '541 Patent based on these discussions and any additional investigations of Vir2us' patent portfolio that Invincea may have performed. Invincea also received notice of the '541 Patent at least as of the date this lawsuit was filed and/or the date this Complaint was served upon Invincea.

23. Invincea's acts of direct infringement, inducement of infringement, and contributory infringement have caused damage to Vir2us, and Vir2us is entitled to recover from Invincea the damages sustained by Vir2us as a result of Invincea's wrongful acts in an amount subject to proof at trial. Invincea's infringement of Vir2us' exclusive rights under the '541 Patent will continue to damage Vir2us' business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,536,598

24. Vir2us incorporates the allegations in paragraphs 1 through 23.

25. In violation of 35 U.S.C. § 271(a), Invincea is and has been directly infringing one or more claims of the '598 Patent by making, using, offering to sell, and/or selling in the United States, without authority, products including without limitation the Invincea Accused Products. The Invincea Accused Products are covered by and/or practice the inventions claimed in the '598 Patent, and thus, Invincea is and has infringed one or more claims of the '598 Patent literally and/or pursuant to the doctrine of equivalents.

26. In violation of 35 U.S.C. § 271(b), Invincea is and has been indirectly infringing one or more claims of the '598 Patent by inducing third parties, including without limitation, manufacturers, resellers, developers, customers, and end users of the Invincea Accused Products, to directly infringe the claims of the '598 Patent, for example, by installing the Accused Invincea

Products on computing devices and using the Invincea Accused Products in their normal and customary manner. Invincea's advisors have been involved in discussions with Vir2us regarding Vir2us' patented technology, which include the inventions claimed in the '598 Patent, and upon information and belief, Invincea has had knowledge of the '598 Patent based on these discussions and additional investigations of Vir2us' patent portfolio that Invincea may have performed. By way of at least this Complaint, Invincea knows of the '598 Patent and performs affirmative acts that it knows, or should know, induce direct infringement of one or more claims of the '598 Patent by third parties including, for example, original equipment manufacturers and users of the Invincea Accused Products. For example, Invincea provides technical and marketing literature, tutorials, presentations, lectures, product demonstrations, and videos to customers and end users on how to install, operate, configure, and use the Invincea Accused Products in their normal and customary manner. Invincea intends for its customers and end users to install the Invincea Accused Products on computing devices and to use the Accused Invincea Products in their normal and customary manner and knows, or is willfully blind, that by doing so its customers will directly infringe one or more claims of the '598 Patent.

27. In violation of 35 U.S.C. § 271(c), Invincea is and has been indirectly infringing one or more claims of the '598 Patent by contributing to the direct infringement of the '598 Patent by third parties, including third parties that install the Invincea Accused Products on computing devices, use the Invincea Accused Products in their normal and customary manner, and sell or offer to sell products incorporating the Invincea Accused Products, including without limitation manufacturers, resellers, developers, customers, and end users of the Invincea Accused Products. Invincea's advisors have been involved in discussions with Vir2us regarding Vir2us' patented technology, which includes the inventions claimed in the '598 Patent, and upon

information and belief, Invincea had knowledge of the '598 Patent based on these discussions and any additional investigations of Vir2us' patent portfolio that Invincea may have been performed. Invincea also received notice of the '598 Patent at least as of the date this lawsuit was filed and/or the date this Complaint was served upon Invincea. Invincea facilitates installation of, configures, and sells the Invincea Accused Products with distinct and separate software components with knowledge of the '598 Patent and that these components are especially made or especially adapted to practice the inventions claimed in the '598 Patent. For example, the Invincea Accused Products software is bundled with original equipment manufacturer computing devices such as personal computers and mobile devices to provide security and protection for consumers of such devices. That software is a material part of the invention, has no substantial non-infringing use, and is not a staple article or commodity of commerce because it is specifically designed to practice the invention claimed in the '598 Patent.

28. A reasonable inference may be drawn from the facts set forth above that Invincea is making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, without authority, a component of a patented machined, manufacture, combination or composition, or a material or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of a patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

29. Vir2us is informed and believes that Invincea intends to and will continue to directly infringe, induce the infringement of, and/or contribute to the infringement of the '598 Patent's claims.

30. Invincea's infringement of the '598 Patent has been willful. Invincea has been involved in discussions with Vir2us regarding Vir2us' patented technology, which includes the inventions claimed in the '598 Patent, and upon information and belief, Invincea had knowledge of the '598 Patent based on these discussions and any additional investigations of Vir2us' patent portfolio that Invincea may have performed. Invincea also received notice of the '598 Patent at least as of the date this lawsuit was filed and/or the date this Complaint was served upon Invincea.

31. Invincea's acts of direct infringement, inducement of infringement, and contributory infringement have caused damage to Vir2us, and Vir2us is entitled to recover from Invincea the damages sustained by Vir2us as a result of Invincea's wrongful acts in an amount subject to proof at trial. Invincea's infringement of Vir2us' exclusive rights under the '598 Patent will continue to damage Vir2us' business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Vir2us respectfully requests that the Court enter a final judgment granting the following relief:

a) For judgments that the '541 Patent and the '598 Patent have been and will continue to be infringed by Defendants;

b) A judgment that Defendants' infringement of the '541 and '598 Patents was willful, and that Defendants' continued infringement of the '541 and '598 Patents is willful.

c) Award Vir2us damages in an amount adequate to compensate it for Defendants' infringement of the '541 and '598 Patents, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

d) Award enhanced damages pursuant to 35 U.S.C. § 284;

e) Enter an order finding that this is an exceptional case, and award attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise allowed by law;

f) Award pre-judgment and post-judgment interest as allowed by law;

g) Enter a preliminary and permanent injunction enjoining Defendants, and all others in active concert with Defendants, from further infringement of the '541 and '598 Patents;

h) For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

32. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Vir2us demands a trial by jury in this action.

Dated: April 15, 2015

Respectfully Submitted,

By: /s/
Craig C. Reilly (VSB No. 20942)
**The Law Office of Craig C. Reilly, Esq.**
111 Oronoco Street
Alexandria, VA 22314
Telephone: 703-549-5354
Facsimile: 703-549-5355
Email: craig.reilly@ccreillylaw.com

Henry C. Bunsow (*Pro Hac Vice*)
Brian A.E. Smith (*Pro Hac Vice*)
Cliff Win, Jr. (*Pro Hac Vice*)
**BUNSOW, DE MORY, SMITH & ALLISON LLP**
351 California Street, Suite 200
San Francisco, CA 94104
Telephone: (415) 426-4747
Facsimile: (415) 426-4744
Email: hbunsow@bdiplaw.com
Email: bsmith@bdiplaw.com
Email: cwin@bdiplaw.com

*Attorneys for PLAINTIFF Vir2us, Inc.*