**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(NORFOLK DIVISION)**

| | | |
|---|---|---|
| VIR2US, INC. | ) | |
| | ) | |
| Plaintiff and Counterclaim Defendant, | ) | C.A. No. 2:15-cv-162-HCM-LRL |
| | ) | |
| v. | ) | |
| | ) | |
| INVINCEA, INC., and | ) | JURY TRIAL REQUESTED |
| INVINCEA LABS, LLC | ) | |
| | ) | |
| Defendants and Counterclaim Plaintiffs. | ) | |

**DEFENDANTS INVINCEA, INC. AND INVINCEA LABS, LLC'S
ANSWER, DEFENSES, AND COUNTERCLAIMS**

Defendants Invincea, Inc. and Invincea Labs, LLC (collectively "Invincea" or "Defendants") hereby file their Answer, Defenses, and Counterclaims to Plaintiff Vir2us, Inc.'s ("Plaintiff" or "Vir2us") Complaint for patent infringement.  Invincea denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

**DEFENDANTS' ANSWER**

**THE PARTIES**

1.      Invincea denies that it has committed any acts of infringement.  Invincea lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1 of the Complaint and on that basis denies them.

2.      Invincea, Inc. admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business located in Fairfax, Virginia.  Invincea admits that it may be served with process through its registered agent, Anup Ghosh, at 3975 University Drive, Suite 330, Fairfax, Virginia 22030.

1

3.      Invincea Labs, LLC admits that it is a limited liability company organized under the laws of the Commonwealth of Virginia, is a wholly owned subsidiary of Invincea, Inc., and with its principal place of business located in Arlington, Virginia.  Invincea admits that it may be served with process through its registered agent, Anup Ghosh, at 3975 University Drive, Suite 330, Fairfax, Virginia 22030.

## JURISDICTION AND VENUE

4.      Invincea admits that the Complaint purports to state a claim for patent infringement, but denies Invincea has committed any acts of infringement.  Invincea admits that this Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1338(a).

5.      Invincea admits that the Eastern District of Virginia has personal jurisdiction over Invincea.  Invincea admits that Invincea, Inc. is organized under the laws of the State of Delaware and its principal place of business is located in Fairfax, Virginia.  Invincea admits that Invincea Labs, LLC is organized under the laws of the Commonwealth of Virginia and its principal place of business is located in Arlington, Virginia.  Invincea denies the remaining allegations in Paragraph 5 of the Complaint.

6.      Invincea admits that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b).  Invincea denies that it has committed any acts of infringement. Invincea denies the remaining allegations in Paragraph 6 of the Complaint.

## FACTUAL BACKGROUND

7.      Invincea lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint and on that basis denies them.

8.      Invincea lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and on that basis denies them.

9.     Invincea admits that it is a software company headquartered in Fairfax, Virginia that makes, uses, and sells software products that protect computer systems from malicious software such as computer viruses.  Invincea admits that its products include Invincea Endpoint, Invincea Management and Invincea Endpoint DMZ.  Invincea denies the remaining allegations set forth in Paragraph 9 of the Complaint.

10.     Invincea lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and on that basis denies them.

11.     Invincea admits that it provides technical and marketing information to customers.  Invincea denies the remaining allegations set forth in Paragraph 11 of the Complaint.

12.     Invincea admits that a copy of what appears to be U.S. Patent No. 7,392,541 (the "'541 patent") is attached to the Complaint as Exhibit 1.  Invincea admits that Exhibit 1 indicates that the '541 patent was issued on June 24, 2008 with the title "Computer System Architecture and Method Providing Operating-System Independent Virus-, Hacker-, and Cyber-Terror-Immune Processing Environments," but denies that the patent duly and legally issued.  Invincea lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 of the Complaint and on that basis denies them.

13.     Invincea admits that a copy of what appears to be U.S. Patent No. 7,536,598 (the "'598 patent") is attached to the Complaint as Exhibit 2.  Invincea admits that Exhibit 2 indicates that the '598 patent was issued on May 19, 2009 with the title "Computer System Capable of Supporting a Plurality of Independent Computing Environments," but denies that the patent duly and legally issued.  Invincea lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 13 of the Complaint and on that basis denies them.

14.     Invincea denies the allegations set forth in Paragraph 14 of the Complaint.

15.     Invincea denies the allegations set forth in Paragraph 15 of the Complaint.

**COUNT I**
**ALLEGED INFRINGEMENT OF U.S. PATENT 7,392,541**

16.     Invincea repeats and realleges each response set forth in Paragraphs 1-15 of this

Answer.

17.     Invincea denies the allegations set forth in Paragraph 17 of the Complaint.

18.     Invincea denies the allegations set forth in Paragraph 18 of the Complaint.

19.     Invincea denies the allegations set forth in Paragraph 19 of the Complaint.

20.     Invincea denies the allegations set forth in Paragraph 20 of the Complaint.

21.     Invincea denies the allegations set forth in Paragraph 21 of the Complaint.

22.     Invincea denies the allegations set forth in Paragraph 22 of the Complaint.

23.     Invincea denies the allegations set forth in Paragraph 23 of the Complaint.

**COUNT II**
**ALLEGED INFRINGEMENT OF U.S. PATENT 7,536,598**

24.     Invincea repeats and realleges each response set forth in Paragraphs 1-23 of this

Answer.

25.     Invincea denies the allegations set forth in Paragraph 25 of the Complaint.

26.     Invincea denies the allegations set forth in Paragraph 26 of the Complaint.

27.     Invincea denies the allegations set forth in Paragraph 27 of the Complaint.

28.     Invincea denies the allegations set forth in Paragraph 28 of the Complaint.

29.     Invincea denies the allegations set forth in Paragraph 29 of the Complaint.

30.     Invincea denies the allegations set forth in Paragraph 30 of the Complaint.

31.     Invincea denies the allegations set forth in Paragraph 31 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

Plaintiff's Prayer for Relief does not state an allegation to which a responsive pleading is required. To the extent that Plaintiff's Prayer for Relief is construed to include any allegations, Invincea denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the relief sought in paragraphs (a) through (h) of the Prayer for Relief. Invincea asks the Court to deny any and all of the relief requested by Plaintiff in its Complaint.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

32.    Plaintiff's demand for a trial by jury does not require an admission or denial.

## DEFENDANTS' AFFIRMATIVE DEFENSES

33.    Further answering the Complaint, and as additional defenses thereto, Invincea asserts the following Affirmative Defenses to Plaintiff's Complaint without assuming any burden that it would not otherwise bear and without reducing or removing Plaintiff's burdens of proof on its affirmative claims against Invincea. Invincea reserves the right to amend its currently pled Answer, Defenses, and Counterclaims as additional information becomes available and/or is otherwise discovered.

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Claim)

34.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
#### (Non-Infringement)

35.    Invincea has not infringed and does not infringe, either directly, contributorily or by inducement, any valid and enforceable claim of the '541 patent, either literally or under the doctrine of equivalents.

36.     Invincea has not infringed and does not infringe, either directly, contributorily or by inducement, any valid and enforceable claim of the '598 patent, either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

37.     Plaintiff is wholly or partially barred from the relief that it seeks because one or more claims of the '541 patent are invalid for failure to comply with one or more requirements of the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, including, but not limited to, one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

38.     Plaintiff is wholly or partially barred from the relief that it seeks because one or more claims of the '598 patent are invalid for failure to comply with one or more requirements of the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, including, but not limited to, one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

39.     Plaintiff is barred or limited from recovery in whole or in part by the doctrine of prosecution history estoppel.

### FIFTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

40.     Plaintiff's claim for damages is barred in whole or in part to the extent Plaintiff and/or its predecessors-in-interest failed to mark pursuant to 35 U.S.C. § 287.

41.     Plaintiff's claim for damages is barred in whole or in part due to the time limitation on damages pursuant to 35 U.S.C. § 286.

## SIXTH AFFIRMATIVE DEFENSE
### (No Right to Injunctive Relief)

42.     Plaintiff is not entitled to injunctive relief because any injury to it is not immediate or irreparable, and Plaintiff has an adequate remedy at law for any claims it can prove.

## SEVENTH AFFIRMATIVE DEFENSE
### (Laches, Equitable Estoppel and Waiver)

43.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, equitable estoppel and/or waiver.

## EIGHTH AFFIRMATIVE DEFENSE
### (28 U.S.C. § 1498(a))

44.     Plaintiff's claimed remedies against Invincea are limited by the provisions of 28 U.S.C. § 1498(a).

## RESERVATION OF RIGHTS

45.     Invincea expressly reserves the right to allege and assert additional defenses that may be accorded to it under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity that now exist or in the future may be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

Defendants and Counterclaimants Invincea, Inc. and Invincea Labs, LLC (collectively, "Invincea") allege the following counterclaims against Plaintiff and Counterclaim-Defendant Vir2us, Inc. ("Vir2us").

## PARTIES

46.     Invincea, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business located in Fairfax, Virginia.  Invincea Labs, LLC is a limited

liability company organized under the laws of the Commonwealth of Virginia with its principal place of business located in Arlington, Virginia.  Invincea Labs, LLC is a wholly owned subsidiary of Invincea, Inc.

47.     According to the allegations in its original Complaint, Vir2us is a California corporation with its principal place of business in Petaluma, California.

## JURISDICTION AND VENUE

48.     These counterclaims seek redress for patent infringement arising under the Patent Laws of the United States, set forth in 35 U.S.C. § 1 *et seq.*, and declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202.  The Court has subject matter jurisdiction of such claims pursuant to 28 U.S.C. §§ 1331 and 1338.

49.     Vir2us has availed itself of the protection of this judicial District by filing the present lawsuit in this District and therefore submitted to personal jurisdiction in this Court.  This Court also has personal jurisdiction over Vir2us because, on information and belief, Vir2us transacts business in this District.

50.     This Court is a proper venue for these counterclaims pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b), and because Vir2us has voluntarily submitted to this Court's jurisdiction in this action.

51.     Based on Vir2us's filing of its Complaint and Invincea's Answer and Affirmative Defenses, a true, actual, and justiciable controversy has arisen and now exists between Invincea and Vir2us regarding the non-infringement and invalidity of U.S. Patent No. 7,392,541 (the "'541 patent") and U.S. Patent No. 7,536,598 (the "'598 patent").

## FACTUAL BACKGROUND

52.     Dr. Anup K. Ghosh, the first named inventor of United States Patent No. 8,839,422 ("the '422 Patent"), founded Invincea in 2009 in Fairfax, Virginia.  Prior to founding

Invincea, Dr. Ghosh served as a Program Manager at the Defense Advanced Research Projects Agency (DARPA) where he created and managed an extensive portfolio of cyber security programs.  He also served on the Naval Studies Board and the Air Force Scientific Advisory Board, informing the future of American cyber-defenses.  Dr. Ghosh also held the role of Chief Scientist in the Center for Secure Information Systems at George Mason University.  It was at George Mason University that Dr. Ghosh and his co-inventors developed the innovative technology disclosed and claimed in the '422 Patent.

53.     Invincea is the leader in advanced endpoint threat protection, securing organizations against the advanced attacks that evade legacy security controls.  Through its patented technology, Invincea protects 25,000 organizations worldwide, including 2 million active users, by securing those organizations against advanced cyber-attacks that evade other providers' security controls.  Invincea, Inc. is still based in Fairfax, and its research division, Invincea Labs, is based in Arlington, Virginia.

54.     Invincea has been awarded numerous accolades recognizing the strength of its business, products and innovation, including "Best Places to Work" 2015 by the Washington Business Journal; "Top 20 Defense Tech Solution Providers" 2014 by CIOReview; "50 on Fire in Tech" 2014 by DCInno; "Innovators Award" 2013 finalist by the Northern Virginia Technology Council; "Best Security Solution" 2013 by GovTek; the Virginia Governor's "Best Tech Transfer to Tech Startup" 2012; "Best Anti-Malware Solution" 2012 and 2013 by GSN; "Most Innovative Company of the Year" 2011 by the RSA Conference, and "Innovator Award" 2010 by SINET.

55.     On September 16, 2014, the '422 Patent entitled "Virtual Browsing Environment" duly and legally issued to Anup K. Ghosh, Sushil Jajodia, Yih Huang and Jiang Wang.  A true

and correct copy of the '422 Patent is attached hereto as Exhibit 1.  Invincea, Inc. is the exclusive

licensee of the '422 Patent with all substantial rights and interest, including the rights to recover

for all past and future infringements thereof.

56.    The '422 Patent discloses and claims a method for providing a secure virtual

browsing environment.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,839,422

57.    Invincea repeats and realleges the allegations in Paragraphs 1 through 56 as

though fully set forth herein.

58.    Invincea, Inc. is the exclusive licensee of the '422 Patent with all substantial

rights and interest, including the rights to recover for all past and future infringements thereof.

59.    On knowledge, information and belief, Vir2us is and has been directly infringing,

in violation of 35 U.S.C. § 271(a), one or more claims of the '422 Patent by making, using,

offering to sell, and/or selling in the United States, without authority, products including without

limitation Vir2us's software, including Vir2us Immunity Suite, Vir2us Immunity Platform and/or

Vir2us Genesis (the "Vir2us Accused Products").  The Vir2us Accused Products are covered by

and/or practice the inventions claimed in the '422 Patent and, thus, Vir2us is infringing and has

infringed one or more claims of the '422 Patent literally and/or pursuant to the doctrine of

equivalents.

60.    Invincea is informed and believes that Vir2us intends to and will continue to

directly infringe, induce the infringement of, and/or contribute to the infringement of the '422

Patent's claims.

61.    Vir2us's ongoing infringement of the '422 Patent is willful. Vir2us received

notice of the '422 Patent at least as of the date this Answer and Counterclaims was filed.

62.     Vir2us's acts of infringement have caused and are causing damage to Invincea, and Invincea is entitled to recover from Vir2us the damages sustained by Invincea as a result of Vir2us's wrongful acts in an amount subject to proof at trial.   Vir2us's infringement of Invincea's exclusive rights under the '422 Patent will continue to damage Invincea's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

63.     This case is exceptional under 35 U.S.C. § 285.

**COUNT II**
**DECLARATION OF NON-INFRINGEMENT**
**('541 Patent)**

64.     Invincea repeats and realleges the allegations in Paragraphs 1 through 63 as though fully set forth herein.

65.     Vir2us has alleged in its Complaint that Invincea infringes the '541 patent by, *inter alia*, "making, using, offering to sell, and/or selling in the United States … products …. [that] are covered by and/or practice the inventions claimed in the '541 patent."

66.     Invincea has not infringed and is not now infringing any valid and enforceable claim of the '541 patent, either directly or indirectly, contributorily or though inducement, literally or by equivalents.

67.     Invincea seeks a declaration that it does not infringe and has not infringed any claim of the '541 patent.

68.     This case is exceptional under 35 U.S.C. § 285.

**COUNT III**
**DECLARATION OF NON-INFRINGEMENT**
**('598 Patent)**

69.     Invincea repeats and realleges the allegations in Paragraphs 1 through 68 as though fully set forth herein.

11

70.     Vir2us has alleged in its Complaint that Invincea infringes the '598 patent by, *inter alia*, "making, using, offering to sell, and/or selling in the United States … products …. [that] are covered by and/or practice the inventions claimed in the '598 patent."

71.     Invincea has not infringed and is not now infringing any valid and enforceable claim of the '598 patent, either directly or indirectly, contributorily or though inducement, literally or by equivalents.

72.     Invincea seeks a declaration that it does not infringe and has not infringed any claim of the '598 patent.

73.     This case is exceptional under 35 U.S.C. § 285.

**COUNT IV**
**DECLARATION OF INVALIDITY**
**('541 Patent)**

74.     Invincea repeats and realleges the allegations in Paragraphs 1 through 73 as though fully set forth herein.

75.     One or more claims of the '541 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

76.     Based on the foregoing, Invincea seeks a declaration that the '541 patent is invalid.

77.     This case is exceptional under 35 U.S.C. § 285.

**COUNT V**
**DECLARATION OF INVALIDITY**
**('598 Patent)**

78.     Invincea repeats and realleges the allegations in Paragraphs 1 through 77 as though fully set forth herein.

79.     One or more claims of the '598 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

80.     Based on the foregoing, Invincea seeks a declaration that the '598 patent is invalid.

81.     This case is exceptional under 35 U.S.C. § 285.

## REQUEST FOR RELIEF

WHEREFORE, Invincea respectfully requests that the Court deny all of the requests for relief specified by Vir2us in the Complaint and respectfully requests that the Court:

(a)     enter a judgment holding Vir2us liable for infringement of the '422 Patent;

(b)     enter a preliminary and permanent injunction against Vir2us and its officers, agents, servants, employees, attorneys, parent and subsidiary corporations, successors and assigns, and those persons acting in concert with them, enjoining them from continued acts of infringement of the '422 Patent;

(c)     enter a judgment awarding damages to Invincea to compensate for Vir2us's infringement of the '422 Patent, together with pre-judgment and post-judgment interest;

(d)     enter a judgment holding that Vir2us's infringement is willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

(e)     dismiss all of Vir2us's claims against Invincea with prejudice;

(f)     enter a judgment declaring that the '541 patent and the '598 patent are invalid;

(g)     enter a judgment finding and declaring that Invincea has not infringed and is not currently infringing, either directly, indirectly, literally, by equivalents, contributorily, or through inducement, any claim of the '541 patent or the '598 patent;

(h)     enter a judgment holding that this case is exceptional and award Invincea its attorneys' fees and costs pursuant to 35 U.S.C. § 285 and other statutory and legal bases; and

(i)     enter a judgment awarding Invincea such other relief as the Court deems just and proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Federal Rule of Civil Procedure 38(b), Invincea demands a trial by jury for

all issues so triable.

Dated: June 12, 2015                               Respectfully submitted,

<u>/s/  *Nathan K. Cummings*                           </u>
Nathan K. Cummings (VSB 41372)
ncummings@cooley.com
COOLEY LLP
One Freedom Square
11951 Freedom Drive
Reston, VA 20190-5656
Telephone: (703) 456-8000
Facsimile:  (703) 456-8100

*Attorneys for Defendants and Counterclaim*
*Plaintiffs Invincea, Inc. and Invincea Labs, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 12, 2015, I electronically filed the foregoing document,

DEFENDANTS INVINCEA, INC. AND INVINCEA LABS, LLC'S ANSWER, DEFENSES,

AND COUNTERCLAIMS, with the Clerk of the Court using the CM/ECF system which will

send notification of such filing to registered parties, including Plaintiff's counsel, listed below:

Stephen E. Noona
Kaufman & Canoles, P.C.
150 W Main St, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3239
Facsimile: (757) 624-3169
Email: senoona@kaufcan.com

Henry C. Bunsow *(Pro Hac Vice)*
Brian A.E. Smith *(Pro Hac Vice)*
Cliff Win, Jr. *(Pro Hac Vice)*
BUNSOW, DEMORY, SMITH & ALLISON LLP
351 California Street, Suite 200
San Francisco, CA 941 04
Telephone: (415) 426-4747
Facsimile: (415) 426-4744
Email: hbunsow@bdiplaw.com
Email: bsmith@bdiplaw.com
Email: cwin@bdiplaw.com

*Attorneys for Plaintiff and Counterclaim Defendant Vir2us, Inc.*

By: */s/ Nathan K. Cummings*
Nathan K. Cummings (VSB 41372)
ncummings@cooley.com
COOLEY LLP
One Freedom Square
11951 Freedom Drive
Reston, VA 20190-5656
Telephone: (703) 456-8000
Facsimile:  (703) 456-8100

*Attorneys for Defendants and Counterclaim*
*Plaintiffs Invincea, Inc. and Invincea Labs, LLC*