IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| VIR2US, INC. ) | |
| ) | |
| Plaintiff ) | CIVIL ACTION NO. 2:15-cv-00162 HCM-LRL |
| ) | |
| v. ) | |
| ) | |
| INVINCEA, INC. and ) | JURY TRIAL DEMANDED |
| INVINCEA LABS, LLC ) | |
| ) | |
| Defendants ) | |
| ) | |
| ) | |

### VIR2US, INC.'S ANSWER TO DEFENDANTS' COUNTERCLAIMS

Plaintiff Vir2us, Inc. ("Vir2us" or "Plaintiff"), by and through its undersigned counsel, hereby answers the Counterclaims of Defendants Invincea, Inc. and Invincea Labs, LLC ("Invincea Labs") (collectively "Invincea" or "Defendants"). Except as expressly admitted below, Vir2us denies each and every allegation set forth in Defendants' Counterclaims. Vir2us responds to the numbered paragraphs of the Defendants' Counterclaims as follows:

### THE PARTIES

46. Admitted.

47. Admitted.

### JURISDICTION AND VENUE

48. Vir2us admits that this Court has subject matter jurisdiction pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202, 28 U.S.C. §§ 1331 and 1338, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*, but denies that Invincea is entitled to

any relief for alleged patent infringement or declaratory relief under the Declaratory Judgment Act.

49. Vir2us admits that it filed the present lawsuit in this District and admits that this Court has personal jurisdiction for the purpose of this action. Vir2us denies the remainder of the allegations in this paragraph.

50. Admitted.

51. Admitted.

## FACTUAL BACKGROUND

52. Vir2us admits that U.S. Patent No. 8,839,422 ("'422 patent") lists on its face Anup K. Ghosh as an inventor. Vir2us lacks sufficient knowledge or information to form a belief as to the truth of the rest of the allegations in paragraph 52 and therefore denies them.

53. Vir2us lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 53 and therefore denies them.

54. Vir2us lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 54 and therefore denies them.

55. Vir2us admits that the '422 patent is entitled "Virtual Browsing Environment", was issued on September 16, 2014, and lists on its face Anup K. Ghosh, Sushil Jajodia, Yih Huang and Jiang Wang as inventors. Vir2us admits that what appears to be a copy of the '422 patent is attached as Exhibit 1 to Defendants' Counterclaims. Vir2us denies that the '422 patent was duly and legally issued. Vir2us lacks sufficient knowledge or information to form a belief as to the truth of the rest of the allegations in paragraph 55 and therefore denies them.

56. Denied.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,839,422

57. Vir2us incorporates by reference its responses to paragraphs 1 through 56 of this Answer to Invincea's Counterclaims as if fully set forth herein.

58. Vir2us lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 58 and therefore denies them.

59. Vir2us admits that it makes, offers for sale, and sells the Vir2us Genesis product but denies that this product infringes the '422 patent. Vir2us admits that it makes the Vir2us Immunity Platform product but denies that this product infringes the '422 patent. Vir2us denies the rest of the allegations in paragraph 59.

60. Denied.

61. Vir2us admits that it received notice of the '422 patent when Defendants' Answer and Counterclaims were filed but denies infringement and willful infringement of the '422 patent.

62. Denied.

63. Denied.

## COUNT II
## DECLARATION OF NON-INFRINGEMENT
## ('541 Patent)

64. Vir2us incorporates by reference its responses to paragraphs 1 through 63 of this Answer to Invincea's Counterclaims as if fully set forth herein.

65. Admitted.

66. Denied.

67. Denied.

68. Denied.

3

## COUNT III
## DECLARATION OF NON-INFRINGEMENT
## ('598 Patent)

69. Vir2us incorporates by reference its responses to paragraphs 1 through 68 of this Answer to Invincea's Counterclaims as if fully set forth herein.

70. Admitted.

71. Denied.

72. Denied.

73. Denied.

## COUNT IV
## DECLARATION OF INVALIDITY
## ('541 Patent)

74. Vir2us incorporates by reference its responses to paragraphs 1 through 73 of this Answer to Invincea's Counterclaims as if fully set forth herein.

75. Denied.

76. Denied.

77. Denied.

## COUNT V
## DECLARATION OF INVALIDITY
## ('598 Patent)

78. Vir2us incorporates by reference its responses to paragraphs 1 through 77 of this Answer to Invincea's Counterclaims as if fully set forth herein.

79. Denied.

80. Denied.

81. Denied.

## REQUEST FOR RELIEF

Vir2us denies that Defendants are entitled to any relief set forth in its "Request for Relief."

## DEMAND FOR JURY TRIAL

Vir2us hereby demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Vir2us reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case. Without admitting any allegations of Defendants' Counterclaims not otherwise admitted, and without assuming the burden of proof when such burden would otherwise be on Defendants, Vir2us alleges and asserts the following defenses in response to the allegations in Defendants' Counterclaims.

### FIRST AFFIRMATIVE DEFENSE
### (Patent Invalidity)

82. One or more claims of the '422 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

### SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

83. Vir2us has not directly infringed, induced infringement of, contributed to the infringement of, or willfully infringed (whether literally or under the doctrine of equivalents) any claim of the '422 patent that may be valid and enforceable.

### THIRD AFFIRMATIVE DEFENSE
### (Disclaimer)

84.     Defendants are estopped, based on statements, representations, claim amendments, and admissions made during the prosecution of the '422 patent from asserting any interpretation of the claims of the '422 patent that would result in infringement by the Vir2us Accused Products under the doctrines of prosecution disclaimer and prosecution history estoppel.

### FOURTH AFFIRMATIVE DEFENSE
### (Limitation of Damages)

85.     Defendant's right to seek damages is limited, including without limitation by 35 U.S.C. §§ 286 and 287.

### FIFTH AFFIRMATIVE DEFENSE
### (No Right to Injunctive Relief)

86.     Defendants are not entitled to injunctive relief at least because any alleged injury to Defendants is not immediate or irreparable, and Defendants have an adequate remedy at law for their allegations.

### SIXTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

87.     On information and belief, Defendants lack standing to bring an action for infringement of the '422 patent.  Defendant Invincea Labs, LLC has not alleged it has any right or interest permitting it to bring suit for infringement of the '422 patent and therefore lacks standing to bring the present Counterclaims.  On information and belief, Defendant Invincea, Inc. lacks all substantial rights and interest in the '422 patent and therefore lacks standing to bring the present Counterclaims.

**PRAYER FOR RELIEF**

WHEREFORE, Vir2us respectfully requests that the Court enter a final judgment granting the following relief:

a) that Invincea take nothing by reason of these Counterclaims, and that judgment be entered in favor of Vir2us;

b) that the '422 patent is invalid;

c) that Vir2us does not directly or indirectly infringe the '422 patent;

d) that this is an exceptional case, and awarding costs, experts' fees, and attorneys' fees to Vir2us pursuant to 35 U.S.C. § 285 or as otherwise allowed by law; and

e) for such other and further relief as the Court may deem just and proper.

Dated:  July 2, 2015                                                       Respectfully Submitted,

By:  /s/ *Stephen E. Noona*
Stephen E. Noona
Virginia State Bar No. 25367
**KAUFMAN & CANOLES, P.C.**
150 W Main St, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3239
Facsimile: (888) 360-9092
Email: senoona@kaufcan.com

Henry C. Bunsow (*Pro Hac Vice*)
Brian A.E. Smith (*Pro Hac Vice*)
Cliff Win, Jr. (*Pro Hac Vice*)
**BUNSOW, DE MORY, SMITH & ALLISON LLP**
351 California Street, Suite 200
San Francisco, CA  94104
Telephone:  (415) 426-4747
Facsimile:  (415) 426-4744
Email:  hbunsow@bdiplaw.com
Email:  bsmith@bdiplaw.com
Email:  cwin@bdiplaw.com

*Attorneys for PLAINTIFF Vir2us, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Nathan K. Cummings
Virginia State Bar No. 41372
Kevin A. Lake
Virginia State Bar No. 84077
**COOLEY LLP**
One Freedom Square – Reston Tower Center
11951 Freedom Drive
Reston, VA  20190-5656
Telephone:  (703) 456-8000
Facsimile:  (703) 456-8100
Email:  ncummings@cooley.com
Email:  klake@cooley.com

*Counsel for Defendants Invincea, Inc.
And Invincea Labs, LLC*


By  /s/ Stephen E. Noona
Stephen E. Noona
Virginia State Bar No. 25367
**KAUFMAN & CANOLES, P.C.**
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:  (757) 624-3000
Facsimile:   (888) 360-9092
Email:  senoona@kaufcan.com

*Counsel for Plaintiff Vir2us, Inc.*

14075805v1