IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| VIR2US, INC. )<br>)<br>　Plaintiff and Counterclaim Defendant )<br>)<br>　v. )<br>)<br>INVINCEA, INC. and )<br>INVINCEA LABS, LLC )<br>)<br>　Defendants and Counterclaim Plaintiffs )<br>)<br>_____ ) | CIVIL ACTION NO. 2:15-cv-00162 HCM-LRL |

**JOINT MOTION AND MEMORANDUM IN SUPPORT OF JOINT MOTION FOR
ENTRY OF PROPOSED PROTECTIVE ORDER**

After extensive negotiations, Vir2us Inc. ("Vir2us") and Invincea, Inc. and Invincea Labs, LLC (collectively, "Invincea") (hereafter collectively referred to as "the Parties") have agreed on the majority of the provisions in the attached proposed Protective Order. Only one discrete issue remains in dispute, which concerns where the Parties will make their respective source code productions available. The Parties' respective positions on this issue are set forth below.

  **I.** **Vir2us's Position**

Vir2us, a California company, filed this patent infringement action against Invincea, a Virginia company. Invincea then countersued for patent infringement. Each party is therefore a defendant in this patent infringement suit and will need to produce source code to the opposing party for review. Vir2us proposes that each party should make their own source code available for inspection near the opposite party's attorneys and/or experts as a matter of

1

efficiency, convenience, and cost-savings for both parties. Specifically, Vir2us believes that Invincea should produce its source code at Invincea's outside counsel's (Cooley LLP) offices in San Francisco or Palo Alto since Vir2us's outside counsel and its expert witnesses who will review the code are located on or near the West Coast. Despite Invincea's statement below, given the location of Invincea's attorneys, Vir2us offered to make its source code available at its local counsel office in either Norfolk, Virginia or at some other mutually agreeable location within the District near Invincea's attorneys' offices to ensure that Invincea would receive the same benefit. Invincea refused Vir2us's offer and insisted that Invincea would not agree to produce its source code outside of this District.

Invincea insists that both parties' source code be produced within this District citing alleged security concerns. But the security of the source code will be governed by the same provisions of the Protective Order regardless of where the source code is produced, and whether the source code is in Cooley's California or Virginia office has no bearing on either the security of the source code or the effectiveness of the Protective Order's protections. In fact, despite multiple meet and confers, Invincea has not been able to articulate any "security concern" that would exist if Invincea's source code is produced in Cooley's California office. Invincea's primary explanation to date for refusing to make its source code available in Cooley's California offices is that its legal team's members are not in California. Cooley, however, has a nationwide patent litigation practice, and the personnel in its California and Virginia offices are not only equally capable of carrying out the provisions of the Protective Order entered by this Court but routinely do so in patent infringement cases.

Invincea also argues that if its source code is made available in California, it would bear the risk of transporting the source code. Yet, both parties have agreed to provisions allowing for

printouts of the source code to be shipped across the country, which is subject to far greater security risks than shipping the source code in electronic format for review in California. Typical protocols for shipping source code in electronic format include strict encryption of the media containing the code, whereas printouts cannot be secured in this manner. Moreover, under Invincea's own proposal, Vir2us bears the same risk in transporting its source code from California to Virginia.

Last, Invincea contends that Local Civil Rule 30(A) requires that discovery must be conducted within this District but ignores the fact that Rule 30(A) is a provision that pertains to depositions, not source code production. Indeed, Invincea ignores the fact that litigants in this Court commonly produce and review source code in locations outside of this District precisely for the efficiency, convenience and cost-savings reasons presented by Vir2us in this case.[1] The apparent reason for Invincea's position is not security concerns, transportation risks or the Local Rules, but rather an effort to make review of Invincea's source code inefficient, inconvenient and costly.

For the foregoing reasons, Vir2us respectfully requests the entry of its proposed Protective Order attached as Exhibit 1 including the proposed provision as discussed above.

## II.     Invincea's Position

Vir2us filed this suit in Virginia against two Virginia companies headquartered in Fairfax and Arlington. Vir2us cannot be surprised that it should be expected to inspect Defendants'

---

[1] *See*, *e.g.*, *Samsung Electronics Co., Ltd., et al. v. Nvidia Corporation, et al.*, Case No. 3:114-cv-00757-REP-DJN, slip op. at 3 (Dkt. No. 164) (E.D. Va. May 19, 2015) (designating the location for production of source code outside of this District in various counties in California); *I/P Engine, Inc. v. AOL, Inc., et al.*, Case No. 2:11-cv-00512-RAJ-LRL, slip op. at 5 (Dkt. No. 85) (E.D. Va. Jan. 23, 2012) (designating the location for production of source code outside of this District in places including California and Washington DC).

sensitive computer-security source code within the District and Division where Vir2us filed suit, not in California, 2400 miles away from Defendants *and their counsel*. A brief introduction to Defendants and their business reveals why this is not an ordinary source code case and why Vir2us's citation to *stipulated* protective orders is not helpful here (see note 1 above).

Defendant Invincea, Inc. is based in Fairfax, Virginia, and provides advanced computer security products. Defendant Invincea Labs, LLC, is based in Arlington, Virginia, and researches advanced computer threat-solutions, including research and development for U.S. government agencies. Invincea's technology protects against advanced computer attacks that evade previous security controls, including targeted attacks, 0-day exploits, file-less malware, and previously unknown malware. Invincea's software continuously monitors computers for suspicious activity, recognizes suspicious processes when they start, and helps security teams determine whether those processes are malicious. Invincea's programs prevent damage to end users' computers by containing malicious attacks within secure virtual containers, and allow security teams to re-gain control over networks by enabling rapid corrective responses if a compromise is found.

A few of Invincea's publicly-identified customers include (1) government agencies such as the Federal Aviation Administration, National Security Agency, Department of the Navy, United States Army, National Institutes of Health, Naval Surface Warfare Center, and Department of Energy; (2) healthcare providers such as the Mount Sinai Medical Center and Boston Children's Hospital; (3) universities such as Virginia Tech, the University of Georgia and the University of Washington; and (4) financial service providers such as TIAA CREF.

This case is, therefore, different from those cited by Vir2us (see note 1), where huge multinational companies are *agreeing* to different source code protection for a tiny fraction of

their business.  A breach in the security of Invincea's source code would threaten not only Invincea's very existence, but also the security of Invincea's 25,000 governmental and enterprise customers and 2 million active users worldwide.  Invincea therefore must keep its source code in a known and secure environment.  For this litigation, Invincea will make its source code available for inspection in a secure room at its lead counsel's office, the Fairfax County office of Cooley LLP.  Although Cooley has several offices in California, *none* of the attorneys, paralegals, secretaries or staff representing Invincea in this case are located in California—they are *all* located in Virginia.  Put another way, Invincea simply has no one on its legal team to "carry out the provisions of the Protective Order" in California as Vir2us suggests.  Neither Invincea nor its counsel should have to bear the risk of having Defendants' most valuable and sensitive asset located 2400 miles away and subject to inspection in California because Vir2us does not want to conduct discovery in the District in which it filed suit.  Indeed, this District's Local Rules reflect the expectation and requirement that a party filing suit in this District will have to conduct certain significant discovery within this District.  *See* L. Civ. R. 30(A).

  Vir2us wants to be able to review source code near its San Francisco-based counsel for "efficiency, convenience and cost-savings," while denying Invincea the same benefits.  Vir2us refused to make its source code available near Invincea's counsel in Northern Virginia unless *Invincea* bore the burden of finding and expense for using a third-party source code escrow.  Indeed, Vir2us's proposal would allow its counsel and experts to *walk* two blocks to Cooley's San Francisco office to review Invincea's source code, yet require Invincea's counsel and experts to drive four hours to Norfolk to review Vir2us's code.

  In the end, the security of Invincea's source code and its customers' computer systems should significantly outweigh Vir2us's unwillingness to conduct discovery in the District where

5

it filed suit.  If Vir2us wanted to review Invincea's source code in San Francisco, Vir2us should have filed suit in the Northern District of California and convinced that court that Invincea's code would be secure 2400 miles away from Invincea's offices and counsel.  Invincea therefore asks the Court to reject Vir2us's proposal and enter the Protective Order attached as Exhibit 2 containing language requiring the parties' source code to be made available for inspection within this District.

### III.     Requested Relief

The Parties attach the Vir2us version of the Protective Order as Exhibit 1 and the Invincea version of the Protective Order as Exhibit 2.  The orders are identical except for provision 10(d)(ii) at page 14. The Parties request that the Court weigh the arguments in this pleading and enter the appropriate order.

Dated:  October 21, 2015                              Respectfully Submitted,

 */s/ Stephen E. Noona*
Stephen E. Noona
Virginia State Bar No. 25367
**KAUFMAN & CANOLES, P.C.**
150 W Main St, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3239
Facsimile: (888) 360-9092
Email: senoona@kaufcan.com

Henry C. Bunsow (*Pro Hac Vice*)
Brian A.E. Smith (*Pro Hac Vice*)
Cliff Win, Jr. (*Pro Hac Vice*)
**BUNSOW, DE MORY, SMITH & ALLISON LLP**
351 California Street, Suite 200
San Francisco, CA  94104
Telephone:  (415) 426-4747
Facsimile:  (415) 426-4744
Email:  hbunsow@bdiplaw.com
Email:  bsmith@bdiplaw.com
Email:  cwin@bdiplaw.com

*Counsel for Plaintiff Vir2us, Inc.*

*/s/ Robert W. McFarland*
Robert W. McFarland
Virginia State Bar No. 24021
**MCGUIRE WOODS LLP**
101 W. Main St, Suite 9000
Norfolk, VA 23510-1655
Telephone (757) 640-3700
Fax: (757) 640-3701
Email: rmcfarland@mcguirewoods.com

Nathan K. Cummings
Virginia State Bar No. 41372
Kevin A. Lake
Virginia State Bar No. 84077
**COOLEY LLP**
One Freedom Square – Reston Tower Center
11951 Freedom Drive
Reston, VA  20190-5656
Telephone:  (703) 456-8000
Facsimile:  (703) 456-8100
Email:  ncummings@cooley.com
Email:  klake@cooley.com

*Counsel for Defendants Invincea, Inc.
and Invincea Labs, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Stephen E. Noona
Virginia State Bar No. 25367
**KAUFMAN & CANOLES, P.C.**
150 W Main St, Suite 2100
Norfolk, VA 23510
Telephone: (757) 624-3239
Facsimile: (888) 360-9092
Email: senoona@kaufcan.com

Henry C. Bunsow (*Pro Hac Vice*)
Brian A.E. Smith (*Pro Hac Vice*)
Cliff Win, Jr. (*Pro Hac Vice*)
**BUNSOW, DE MORY, SMITH & ALLISON LLP**
351 California Street, Suite 200
San Francisco, CA 94104
Telephone: (415) 426-4747
Facsimile: (415) 426-4744
Email: hbunsow@bdiplaw.com
Email: bsmith@bdiplaw.com
Email: cwin@bdiplaw.com

*Counsel for Plaintiff Vir2us, Inc.*

By: */s/ Robert W. McFarland*
Robert W. McFarland
Virginia State Bar No. 24021
**MCGUIRE WOODS LLP**
101 W. Main St, Suite 9000
Norfolk, VA 23510-1655
Telephone (757) 640-3700
Fax: (757) 640-3701
Email: rmcfarland@mcguirewoods.com

*Counsel for Defendants Invincea, Inc.
and Invincea Labs, LLC*